# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **ROBERT BENNETT,** *et al.*, | ) | |
| **Plaintiffs,** | ) ) ) | |
| v. | ) ) | Civil Action No. 11-0498 (ESH) |
| **SHAUN DONOVAN** **Secretary, Housing and Urban Development** | ) ) ) ) | |
| **Defendant.** | ) ) ) ) | |

## MEMORANDUM OPINION

Plaintiffs sued Shaun Donovan in his official capacity as the Secretary of the Department of Housing and Urban Development ("HUD") challenging the validity of regulations implementing HUD's Home Equity Conversion Mortgage ("HECM") program. (Compl., Mar. 8, 2011 [ECF No. 1].) Initially this Court dismissed plaintiffs' case for lack of standing on redressability grounds. *See Bennett v. Donovan*, 797 F. Supp. 2d 69, 74-78 (D.D.C. 2011). The Court of Appeals reversed. *See Bennett v. Donovan*, 703 F.3d 582, 590 (D.C. Cir. 2013). On remand, this Court granted summary judgment for plaintiffs holding that HUD regulations violated the Housing and Community Development Act of 1987's requirement that reverse mortgage loan obligations must be deferred until the death of both the homeowner and the homeowner's spouse. *Bennett v. Donovan*, 2013 WL 5424708, at *5 (Sept. 30, 2013). The Court remanded the case to HUD for further proceedings consistent with that opinion. (Order, Sept. 30, 2013 [ECF No. 43].) Relying on Fed. R. Civ. P. 59 and 65, plaintiffs now seek to amend that remedy to include injunctive relief. (Pls.' Mot. to Alter or Amend J., Oct. 28, 2013 [ECF No. 44] ("Mot."), at 4.) For the reasons stated below, plaintiffs' motion will be denied.

## BACKGROUND

Plaintiffs filed their initial complaint on March 8, 2011. Shortly thereafter, they filed for a preliminary injunction to prevent their mortgagees (lenders) from foreclosing on their homes while the case was pending. (Mot. for Preliminary Injunction, March 31, 2011 [ECF No. 2].) In exchange for plaintiffs withdrawing their preliminary injunction motion, defendants agreed to ask plaintiffs' lenders to suspend any foreclosure actions until the case was resolved and the lenders immediately complied. (*See* Mot. at 2; Notice of Withdrawal of Mot. for Preliminary Injunction, April 8, 2011 [ECF No. 11].)

Following remand from the Court of Appeals, this Court issued a Memorandum Opinion on September 30, 2013, granting plaintiffs' motion for summary judgment and remanding the case to HUD for further proceedings consistent with that opinion. *See Bennett*, 2013 WL 5424708, at *7 (Sept. 30, 2013). Though successful on the merits, plaintiffs were dissatisfied with the Court's remedy. Plaintiffs therefore requested that defendant consent to a motion to amend the Court's judgment to require defendant "not to instruct lenders to foreclose" and to "take any action necessary to prevent foreclosures against plaintiffs' homes," while the agency considered the issue on remand. (*See* Mot. at 1-2 & n.1). In the alternative, plaintiffs requested that the defendant agree to make an on-the-record stipulation to this effect. (*Id.* at 1 n.1.) In plaintiffs' view, this request was "narrowly tailored to maintain[] the status quo while Defendant complie[d] with the Court's judgment and order." (*Id.* at 1.)

Defendants declined to join plaintiffs' motion or enter such a stipulation.[1] (*Id.* at 1 n.1; Def.'s Opp. to Pls.' Mot. to Alter or Amend J., Nov. 8, 2013 [ECF No. 45] ("Opp."), at 7.) From

---

[1] It should be noted that defendant may still seek to challenge this Court's opinion on the merits. On November 26, 2013, defendant filed a notice of appeal to the D.C. Circuit. (*See* ECF No. 47.)

defendant's perspective, the agreement to maintain the status quo during the pendency of the litigation was not affected by this Court's September 30 Memorandum Opinion and Order. (Opp. at 6.) Though the agency argues that it "does not possess the statutory authority to compel mortgagees to refrain from foreclosure," it has "never altered or withdrawn . . . and has reiterated its request that mortgagees refrain from foreclosure during the period of any remand to HUD." (*Id.* (citing Bene Decl.).) As of October 28, 2013, the mortgagees informed defendant that the relevant foreclosure proceedings remain on hold per the Agency's request. (Bene Decl. ¶ 6.). Yet, unsatisfied by defendant's assurances, plaintiffs filed the present motion.

## ANALYSIS

### I. STANDARD OF REVIEW

#### A. Motion to Alter or Amend Judgment Under Rule 59(e)

District courts have substantial discretion in ruling on motions under Fed. R. Civ. P. 59(e). *Piper v. U.S. Dep't of Justice,* 312 F. Supp. 2d 17, 20 (D.D.C. 2004) ("The district court has considerable discretion in ruling on a Rule 59(e) motion."). Granting such a motion is an unusual measure limited to extraordinary circumstances. *See Fields v. Vilsack*, 841 F. Supp. 2d 282, 285 (D.D.C. 2012) (citing *Liberty Prop. Trust v. Republic Props. Corp.,* 570 F.Supp.2d 95, 97 (D.D.C.2008)). Generally, motions for altering or amending judgment are granted only where the party is able to demonstrate "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *In re Navy Chaplaincy*, 850 F. Supp. 2d 86, 92 (D.D.C. 2012); *see also Anyanwutaku v. Moore*, 151 F.3d 1053, 1057-58 (D.C. Cir. 1998)). Such motions are "not simply an opportunity to reargue facts and theories upon which a court has already ruled." *New York v. United States,* 880 F. Supp. 37, 38 (D.D.C.1995).

### B. Injunctive Relief Under Rule 65

Though not formally styled as a preliminary injunction motion, plaintiffs' motion to alter or amend judgment also seeks post-judgment injunctive relief under Fed. R. Civ. P. 65. (Mot. at 4). A preliminary injunction under Rule 65 is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008). The factors a court must consider when determining whether a preliminary injunction is appropriate are: (1) the movant's showing of a substantial likelihood of success on the merits, (2) irreparable harm to the movant, (3) whether there is substantial harm to the non-movant, and (4) public interest. *Davis v. Pension Benefit Guar. Corp.,* 571 F.3d 1288, 1291 (D.C. Cir. 2009). "The basis for injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." *Wisconsin Gas Co. v. F.E.R.C.*, 758 F.2d 669, 674 (D.C. Cir. 1985) (citing *Sampson v. Murray,* 415 U.S. 61, 88, 94 (1974)).

## II. PLAINTIFF'S MOTION TO ALTER OR AMEND THE JUDGMENT

Plaintiffs do not seek to amend or alter this Court's judgment on the merits. Rather, they only seek to modify the remedy. (*See* Pls.' Reply Mem. in Further Support of Their Mot. to Alter or Amend the J., Nov. 15, 2013 [ECF No. 46] ("Reply"), at 2.) The Court declines this invitation to reconsider its earlier judgment for several reasons.

First, plaintiffs' motion identifies no "intervening change of controlling law" or "new evidence" to support the contention that they are entitled to additional injunctive relief during the pendency of this case before HUD. *See In re Navy Chaplaincy*, 850 F. Supp. at 92. To the contrary, plaintiffs merely restate the relief that they previously requested in their motion for summary judgment. (*See* Proposed Order, July 16, 2013 [ECF No. 31-1] ("Defendant should

take any action necessary to protect Plaintiffs from displacement . . .").) A motion Rule 59(e) is not a chance for plaintiff to rehash arguments already considered by this Court. *See New York v. United States*, 880 F. Supp. at 38 (D.D.C. 1995). The Court rejected those arguments for the reasons discussed in its Memorandum Opinion and will not reconsider them now. *See Bennett*, 2013 WL 5424708, at *7.

Second, plaintiffs' motion fails to demonstrate that a "manifest injustice" will result absent post-judgment intervention by this Court. "[C]ourts have not precisely defined what constitutes 'manifest injustice.'" *Piper*, 312 F. Supp. 2d at 22. Yet, in cases where a plaintiff "*may* be unfairly prejudiced," the Court of Appeals has reasoned that "it is hard to fault a court that finds nothing 'manifest' about any injustice that might result . . . ." *Ciralsky v. C.I.A.*, 355 F.3d 661, 673 (D.C. Cir. 2004) (emphasis in original). In other words, no injustice is "manifest," where it is both speculative and unlikely to occur. In this case, plaintiffs offer no evidence that they are facing foreclosure or that they are likely to face foreclosure during the pendency of this litigation. (*See* Bene Decl. at ¶¶ 4-6) To the contrary, defendant continues to undertake actions to maintain the status quo of the past two-and-a-half years and lenders have indicated that they have no plans to seek foreclosure. (*See id.*) According to plaintiffs, "the only reason the foreclosures have not proceeded to date is because of the actions HUD took in response to Plaintiff's [initial] Motion for Preliminary Injunction." (Reply at 3.) HUD continues to take the same actions. (*See* Bene Decl. at ¶¶ 4-6.) If the agency's actions were sufficient then, those same actions most certainly cannot constitute "manifest injustice" now.

Third, plaintiffs' request for injunctive relief—insofar as this request is appropriate in a post-judgment motion—also fails.[2] In order to demonstrate irreparable injury, it is well-established that "the injury must be both certain and great; it must be actual and not theoretical . . . the party seeking injunctive relief must show that [t]he injury complained of [is] of such *imminence* that there is a clear and present need for equitable relief . . . ." *Wisconsin Gas Co.*, 758 F.2d at 674 (internal citations and quotation marks omitted). For the same reasons that plaintiffs are unable to demonstrate a manifest injustice, plaintiffs are also unable to demonstrate a sufficient "irreparable injury." Not only is foreclosure not imminent in this case, it is unlikely to occur.

Ultimately, this Court remains committed to following the guidance of the Court of Appeals that it cited at length in its earlier Memorandum Opinion:

> We do not hold, of course, that HUD is *required* to take [a] precise series of steps, nor do we suggest that the district court should issue an injunction to that effect. Appellants brought a complaint under the Administrative Procedure Act to set aside an unlawful agency action, and in such circumstances, it is the prerogative of the agency to decide in the first instance how best to provide relief. *See N. Air Cargo v. U.S. Postal Serv.*, 674 F.3d 852, 861 (D.C. Cir. 2012) . . .
>
> Perhaps HUD would provide the precise relief we have outlined, perhaps it would find another alternative, or perhaps it would decide no such relief was appropriate. We recognize that, even if the district court issues a declaratory judgment, appellants still have no *guaranty* of relief. Though of course, if Bennett and Joseph prevailed on the merits in the district court but were dissatisfied with HUD's remedy, they would always have the option to seek review on the ground that HUD's actions were 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law.' 5 U.S.C. § 706(2)(A).

*Bennett*, 2013 WL 5424708 at *7 (Sept. 30, 2013) (citing *Bennett,* 703 F.3d at 589).

---

[2] Defendant argues that "to obtain an injunction after summary judgment, when that injunction is not directed at further proceedings in the district court, Plaintiffs would have to meet the standards required for a permanent injunction." (Opp. at 5.) However, because the Court's analysis focuses on plaintiffs' failure to demonstrate irreparable harm, a factor present in both the permanent injunction and preliminary injunction standards, the Court need not consider which particular standard ought to apply at this juncture.

Under this reasoning, the only proper remedy was, and continues to be, a "remand to the agency." *See also Fed. Power Comm'n v. Idaho Power Co.*, 344 U.S. 17, 20 (1952) ("[T]he function of the reviewing court ends when an error of law is laid bare. At that point the matter once more goes to the [Agency] for reconsideration."); *R.J. Reynolds Tobacco Co. v. Food & Drug Admin.*, 696 F.3d 1205, 1222 (D.C. Cir. 2012) (dissolving permanent injunction entered by the district court as improper under the APA); *Cnty. of Los Angeles v. Shalala*, 192 F.3d 1005, 1011 (D.C. Cir. 1999) ("Not only was it unnecessary for the court to retain jurisdiction to devise a specific remedy for the Secretary to follow, but it was error to do so."). The Court will not alter or amend the remedy previously ordered.

## CONCLUSION

Accordingly, and for the reasons stated above, plaintiffs' motion to alter or amend the judgment will be **DENIED**. A separate order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 4, 2013